CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LEO R. MADDOX, | ) |
| Plaintiff, | ) Case No. 5:18cv00041 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| CITIFINANCIAL MORTGAGE CO., et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Leo R. Maddox filed the instant Complaint (the "Complaint" or "Compl."), ECF No. 2. In the accompanying order entered with this memorandum opinion, the court will grant Maddox leave to proceed in forma pauperis due to his indigence. After reviewing the Federal Complaint, the court concludes that the action must be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). From the face of the Complaint, it is clear the parties lack complete diversity and the court cannot exercise subject matter over the action.

The Complaint appears to raise four causes of action: (1) a violation of the Foreign Corrupt Practices Act (the "FCPA"); (2) a violation of 12 U.S.C. § 5531 ("UDAAP");[1] (3) a violation of the Real Estate Settlement Procedures Act ("RESPA"); and (4) a Delaware state law breach of contract claim.[2] Compl. ¶¶ 13–14.

Maddox's first two claims raise putative violations of the FCPA and the Dodd-Frank Wall Street Reform and Consumer Protection Act's UDAAP provisions. See id. ¶ 13. ("The lender and it's [sic] former CEOs violated the FCPA and the UDAAP prohibition and other laws in connection with origination in servicing, it's Loans [sic]."). Neither the FCPA nor UDAAP provide a private cause of action, however. See Republic of Iraq v. ABB AG, 768 F.3d 145, 169–71 (2d Cir. 2014) (finding no private cause of action and noting that a bill introduced to provide a private cause of action "was deleted by a committee of the Senate"); Lamb v. Phillip Morris, Inc., 915 F.2d 1024, 1027–30 (6th Cir. 1990) (same); McCray v. Bank of Am., Corp., Civ. No. ELH-14-2446, 2017 WL 1315509, at *16 (D. Md. Apr. 10, 2017)

---

[1] "UDAAP" stands for "unfair, deceptive, or abusive acts or practices." Prohibition of Unfair, Deceptive, or Abusive Acts or Practices in the Collection of Consumer Debts, CFPB Bull. 2013-07 (July 10, 2013).
[2] In the paragraph concerning jurisdiction, Maddox appears to claim federal question jurisdiction for breach of contract under 41 U.S.C. § 6503. Compl. at 1. That section, however, "concerns public contracts made with a United States agency," and is therefore inapplicable here. See Griffin v. Compass Grp. USA, Inc., No. 3:16-cv-917-JAG, 2017 WL 2829619, at *2 (E.D. Va. June 30, 2017).

(holding that "various courts have concluded that there is no private right action to enforce 12 U.S.C. §§ 5531 and 5536(a)"). As such, Maddox's FCPA and UDAAP claims must be dismissed for failure to state a claim.

Maddox's third claim alleges violations of 12 U.S.C. §§ 2605 and 2607 of RESPA.[3] Compl. ¶¶ 13–14. Claims for violations of Section 2605 must be brought within three years of the alleged violation, and claims for violations of Section 2607 must be brought within one year of the alleged violation. 12 U.S.C. § 2614. Maddox alleges that "Citimortgage did harm and victimize Leo R. Maddox between January 1, 2009 and December 31, 2010." The Complaint was filed on February 14, 2018, over seven years after the alleged violations of RESPA ended.[4] Maddox's RESPA claims are therefore time barred and must be dismissed for failure to state a claim.

Maddox's forth claim alleges breach of contract under Delaware law. While Maddox alleges breach of contract under 10 Del. C. § 8106, Section 8106 does not establish a cause of action for breach of contract. It is, however, beyond peradventure that such a cause action exists. See H-M Wexford LLC v. Encorp, Inc., 832 A.2d 129, 140 (Del. Ch. 2003) (setting forth elements of a breach of contract claim). Instead, Section 8106 prescribes a three-year statute of limitation for breach of contract claims in Delaware. The last alleged injury was on December 31, 2010, over seven years before the Complaint was filed. Again,

---

[3] It appears that Maddox also claims violations of 12 U.S.C. § 2602. That section merely provides definitions for the remainder of RESPA, however, and does not create a private cause of action.

[4] Maddox claims that Citimortgage signed a consent order with the federal government on April 13, 2011, but Maddox does not allege that the consent order was a violation of RESPA. Maddox also alleges that he "was eligible to receive a payment of at least $840.00 Dollars but never file [sic] a claim form before the deadline of January 18, 2013." Compl. ¶ 12. It is not clear if Maddox is claiming that Citimortgage harmed him by failing to submit a claim form. If he is, his argument is foreclosed by the plain text of the letter from the Delaware State Department of Justice, which makes clear that Maddox, and not Citimortgage, was required to submit a claim. See Compl. Ex. H at 7. In any event, even if the January 18, 2013 date were the applicable date for limitations purposes, the Complaint was filed five years after that date and, again, is time barred.

3

the breach of contract claim is time barred and must be dismissed for failure to state a claim.[5]

The court notes that while Maddox claims breach of contract under Delaware law, Maddox does not provide the mortgage contract underlying the claim. It is possible that the contract has a choice-of-law provision requiring application of another state's law. With this in mind, the court will dismiss the breach of contract claim without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: March 28, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

---

[5] 10 Del. C. § 8106(c) provides an exception to the three-year limitations period: Parties may agree to a limitations period of up to twenty years for contracts worth at least $100,000. Even though Maddox does not attach the operative contract, it is clear this provision cannot apply, as the face of the Complaint makes clear the mortgage at issue was for less than $100,000.

4